IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

DR. AMY R. WOODS                                                                                                 PLAINTIFF

VS.                                                     CAUSE NO. CV2019-287

CENTURION OF MISSISSIPPI, LLC,
MANAGEMENT & TRAINING CORPORATION,
JESSE WILLIAMS, INDIVIDUALLY AND
JOHN DOES 1-9.                                                      DEFENDANTS

## COMPLAINT

COMES NOW, Dr. Amy R. Woods, by and through counsel, and files her Complaint against Defendants Centurion of Mississippi, LLC; Management & Training Corporation; Jesse Williams, individually, and John Does 1 through 9, inclusive, and would show as follows:

### I. THE PARTIES

1. Plaintiff Dr. Amy R. Woods ("Dr. Woods") is an adult resident citizen of Marshall County, Mississippi.

2. Defendant Centurion of Mississippi, LLC is a Mississippi limited liability company. Defendant Centurion of Mississippi, LLC may be served by service of process upon its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant Management & Training Corporation is a foreign corporation registered to do business in Mississippi. Defendant Management & Training Corporation may be served by service upon its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

FILED
SEP 18 2019
LUCY CARPENTER
CIRCUIT CLERK, MARSHALL CO., MS
BY_____ D.C.



EXHIBIT A

4. Defendant Jesse Williams is the Warden of the Marshall County Correctional Facility and may be served at Marshall County Correctional Facility, 833 West St., Holly Springs, MS 38635. Defendant Williams is sued in his individual capacity only.

5. Defendants John Does 1 through 9 are unknown Defendants who may have participated in the civil conspiracy to terminate Plaintiff in violation of Mississippi public policy or Defendants who may have tortiously interfered with Plaintiff's employment, or both.

## II. JURISDICTION AND VENUE

6. This Court has proper jurisdiction over the Parties and subject matter of this action.

7. Jurisdiction is proper because the acts giving rise to this claim occurred in Marshall County, Mississippi.

## III. STATEMENT OF FACTS

8. Dr. Woods was employed by Centurion of Mississippi, LLC to serve as the on-site physician at the Marshall County Correctional Facility ("MCCF"). MCCF is a private prison operated by Management & Training Corporation in Holly Springs, Marshall County, Mississippi.

9. Dr. Woods's duties included evaluating and treating prisoners at MCCF. Dr. Woods's duties also included determining when prisoners should be sent for care or hospitalization outside of the facility.

10. Throughout Dr. Woods's employment, Dr. Woods made sound medical judgments as to the treatment of prisoners. When a prisoner's medical condition was sufficiently severe as to require outside treatment, Dr. Woods instructed staff to transport the prisoner outside of the facility to receive necessary medical care.

11. Defendant Jesse Williams was the warden of MCCF. Defendant Williams complained to Dr. Woods that Dr. Woods was sending some prisoners outside of the prison for treatment or

hospitalization. Defendant Williams made it clear that Dr. Woods was to refrain from sending prisoners outside the facility for hospitalization or treatment. Some prisoners' medical transportations were cancelled by the unilateral actions of the prison staff.

12. Dr. Woods continued to make sound medical decisions for the care of the prisoners. Dr. Woods did not unnecessarily send prisoners outside of the facility, but did send prisoners outside of the facility when a prisoner's condition required such treatment or hospitalization. Dr. Woods treated the prisoners, and referred them to outside care, consistent with the prisoners' rights under Mississippi and federal law.

13. Defendant Williams and other staff at the prison were angered by Dr. Woods's actions of sending prisoners outside the facility, even when circumstances unquestionably justified Dr. Woods's actions. Defendant Williams and other staff resented the inconvenience and expense of sending prisoners outside of the facility under almost any circumstances.

14. Defendant Williams encouraged Dr. Woods to ignore the prisoners' constitutional rights, and rights under Mississippi law, to adequate medical treatment. Defendant Williams generally demanded that Dr. Woods not require that the prisoners be provided with adequate medical care.

15. Dr. Woods refused to be complicit with depriving any of the prisoners to adequate medical care. Dr. Woods continued to provide medical care and sound medical decision making as to the prisoners' treatment and hospitalization.

16. Defendant Williams confronted Dr. Woods about sending prisoners outside of the prison for treatment and hospitalization. Defendant Williams also claimed that Dr. Woods was making negative statements about MCCF, its staffing and the provision of medical care within the prison.

17. Defendant Williams subsequently purported to revoke Dr. Woods's security clearance necessary for working at MCCF.

18. Defendant Centurion of Mississippi, LLC terminated Dr. Woods's employment. The reason Centurion of Mississippi, LLC terminated Dr. Woods was because she refused to participate in depriving the prisoners at MCCF of necessary medical care as demanded by Defendant Williams and other staff at the prison.

### IV. COUNT ONE – TERMINATION IN VIOLATION OF MISSISSIPPI PUBLIC POLICY

19. It is unlawful under Mississippi law for an employer to terminate an employee based on the employee's refusal to perform an illegal act. It is a violation of Mississippi public policy for an employer to terminate an employee because of the employee's refusal to perform an illegal act.

20. It is a criminally illegal act to deprive prisoners of necessary medical care under both State and federal law. For instance, Miss. Code Ann. § 47-1-27 provides as follows:

> An official, or guard, or other employee, having the custody of any county prisoner, or any official or employee of the county having custody of any county prisoner, who shall maltreat or abuse any such convict, or who shall knowingly permit the same to be done, or who being under duty to provide sufficient and wholesome food, clothing, shelter, bathing facilities, or medical attention to such convict, shall willfully fail to furnish the same to such convict, shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum not less than Ten Dollars ($10.00) nor more than Five Hundred Dollars ($500.00), or shall be imprisoned not less than one (1) month, or shall suffer both such fine and imprisonment, in the discretion of the court, and it shall be the duty of the judge of the circuit court of such county to so charge the grand jury.

MISS. CODE ANN. § 47-1-27.

21. Similarly, a Federal statute makes it a crime to deprive prisoners of civil rights, such as the right to adequate medical care, under color of State law. The statute provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily

injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C § 242

22. Dr. Woods refused to engage in the illegal conduct of depriving prisoners at MCCF of adequate medical care.

23. Dr. Woods was terminated by Centurion of Mississippi, LLC for her refusal to engage in illegal conduct.

24. Defendant Centurion of Mississippi, LLC is liable to Dr. Woods for terminating her in violation of Mississippi public policy.

### V. COUNTY TWO – CIVIL CONSPIRACY

25. Defendants Centurion of Mississippi, LLC, Management & Training Corporation and Jesse Williams, individually, engaged in a civil conspiracy to terminate Dr. Woods's employment in violation of Mississippi law.

26. Defendants, or some combination of them, entered into a tacit agreement to terminate Dr. Woods's employment because Dr. Woods would not violate the prisoners' rights to adequate medical treatment.

27. Defendants entered into the conspiracy to accomplish the unlawful purpose of terminating Dr. Woods's employment in violation of Mississippi law.

28. Defendants Centurion of Mississippi, LLC, Management & Training Corporation and Jesse Williams, individually, are liable to Dr. Woods for the tort of civil conspiracy.

## VI. COUNT THREE – TORTIOUS INTERFERENCE WITH EMPLOYMENT

29. Defendants Management & Training Corporation, Jesse Williams, individually, and John Does 1 through 9, inclusive, engaged in intentional and willful acts designed to interfere with Dr. Woods's employment as the physician at MCCF.

30. Defendants Management & Training Corporation, Williams and the John Doe Defendants engaged in acts that were calculated to cause harm to Dr. Woods in her employment.

31. Defendants Management & Training Corporation, Williams and the John Doe Defendants engaged in acts that were done with the unlawful purpose of interfering with Dr. Woods's employment without right or justifiable cause.

32. Dr. Woods sustained damages as a result of the actions of Defendants' actions.

33. Defendants Management & Training Corporation, Williams and the John Doe Defendants are liable for tortious interference with Dr. Woods's employment.

## VII. COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. All Defendants acted intentionally and willfully in participating in the scheme to terminate Dr. Woods's employment.

35. All Defendants' actions are such that they evoke outrage in a civilized society. Defendants' actions were directed at Dr. Woods and calculated to cause her harm.

36. Dr. Woods suffered severe mental anxiety and emotional distress as a result of Defendants' intentional actions.

37. All Defendants are liable for intentional infliction of emotional distress.

## VIII. DAMAGES

38. Dr. Woods suffered damages as follows:

   a. Lost wages, including back-pay and front-pay;

    b. Lost benefits;

    c. Damages to her professional reputation and standing;

    d. Damages for mental anxiety and emotional distress.

39. Further, because all of the Defendants' actions were intentional and egregious, Dr. Woods requests an award of punitive damages and an award of her reasonable attorneys' fees.

## IX. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Dr. Amy R. Woods requests an award of compensatory damages and punitive damages against all Defendants. Plaintiff requests an award of her reasonable attorneys' fees as to all Defendants. Plaintiff requests trial by jury. Plaintiff requests pre-judgment interest on the back-pay award, and post-judgment interests on all damages ordered. Plaintiff requests an award of all costs. Plaintiff requests such other and more general relief to which she is entitled.

**RESPECTFULLY SUBMITTED,** this the 11 day of September, 2019.

MCLAUGHLIN LAW FIRM

By: _____
R. Shane McLaughlin (Miss. Bar No. 101185)
338 North Springs Street, Suite 2
Post Office Box 200
Tupelo, Mississippi 38802
Telephone: (662) 840-5042
Facsimile: (662) 840-5043
Email: rsm@mclaughlinlawfirm.com

WAIDE AND ASSOCIATES, P.A.
Rachel Pierce Waide (Miss. Bar No. 100420)
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile
Email: rpierce@waidelaw.com
**ATTORNEYS FOR PLAINTIFF**