**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DR. AMY R. WOODS**                                                                                        **PLAINTIFF**

**VS.**                                                                             **CAUSE NO. 3:19-CV-00234-NBB-RP**

**MHM HEALTH PROFESSIONALS, LLC D/B/A
CENTURION PROFESSIONALS;
MANAGEMENT & TRAINING CORPORATION;
JESSE WILLIAMS, INDIVIDUALLY; AND
JOHN DOES 1-9**                                                                                    **DEFENDANTS**

---

**PLAINTIFF'S REBUTTAL TO DEFENDANT MHM HEALTH PROFESSIONALS,
LLC, D/B/A CENTURION PROFESSIONALS' RESPONSE TO MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Defendant MHM Health Professionals, LLC, d/b/a Centurion Professionals ("MHMHP") has objected to the filing Plaintiff's Second Amended Complaint. All of the objections lack merit.

**1.    The Court should not deny the filing of Plaintiff's Second Amended Complaint on the grounds that the Second Amended Complaint violates HIPAA.**

In its memorandum in support of motion to dismiss Plaintiff Dr. Amy R. Woods' ("Woods") First Amended Complaint: 1) MHMHP complained that the First Amended Complaint does not "allege facts necessary to support the complaint's legal conclusion that the act Dr. Woods refused to perform was criminal," MHM Health Professionals, LLC's Memorandum of Law in Support of Its Motion to Dismiss, p. 7 (hereinafter "MHMHP's Motion to Dismiss Brief"), Docket 24; 2) complained that the First Amended Complaint's "alleged facts [do not] support the legal conclusion that Dr. Woods refused to violate the second criminal statute cited in her complaint. . . ." MHMHP's Motion to Dismiss Brief, p. 8; and 3) complained that the "facts alleged in Dr. Woods's

complaint do not plead that Dr. Woods was asked or that Dr. Woods refused to be deliberately indifferent to prisoners' medical needs." MHMHP's Motion to Dismiss Brief, p. 9. MHMHP further complains that "to satisfy the threshold pleading requirements and state an Eighth Amendment violation, the complaint must allege that Dr. Woods refused to (1) expose prisoners to a substantial risk of serious harm that would have resulted in the denial of the minimal civilized measure of life's necessities and (2) that she do so with deliberate indifference. . . The facts alleged in the complaint do not meet this pleading requirement." MHMHP's Motion to Dismiss Brief, p. 10. MHMHP then complained that the "amended complaint's facts do not allege that Dr. Woods refused to act with deliberate indifference towards prisoners' medical needs" and "fails to allege that the act Dr. Woods refused to perform constituted a refusal to deprive another person of the rights guaranteed under the Eighth Amendment." MHMHP's Motion to Dismiss Brief, p. 11.

In short, MHMHP complained about an alleged failure to plead sufficient factual detail to allege an illegal denial of medical care to prisoners. In order to meet MHMHP's objection (although those objections are not well-founded), Woods thought it prudent to plead specific facts concerning the treatment of the prisoners. Contrary to MHMHP's arguments, the proposed Second Amended Complaint does not identify those prisoners, although it is necessary to describe their medical conditions, so as to allege specific facts showing acts of refusing medical care for these prisoners' serious medical needs.

Congress' purpose in enacting the Health Insurance Portability and Accountability Act ("HIPAA"), for protection of medical patients' rights, was not to change the rules for pleadings under the Federal Rules of Civil Procedure.

Even if HIPAA somehow amends the rules for pleading, it is not enforceable by private entities. It can be enforced by only the Secretary of Health and Human Services. *Mallgren v. Burkholder*, 52 F. Supp. 3d 490 (E.D. N.Y. 2014); *Yeager v. Dickerson*, 391 S.W.3d 388 (Ky. App. 2013).

The only case cited by MHMHP, *United States v. Zamora*, 408 F. Supp. 2d 295, 297 (S.D. Tex. 2006), has nothing to do with the filing of an amended complaint. Instead, in *Zamora*, a criminal defendant charged with DUI sought to prevent the government from obtaining his medical records. The court in *Zamora* found that the DUI defendant could not suppress the health records based on HIPAA, noting that 45 C.F.R. § 164.512 provides: "A covered entity may use or disclose protected health information to the extent that such use or disclosure is *required by law* and the use or disclosure complies with and is limited to the relevant requirements of such law." *Zamora*, 408 F. Supp. 2d at 297 (emphasis in original).

In this case, Fed. R. Civ. P. 8(a)(1), requires Woods to make "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." In meeting MHMHP's objections to Plaintiff's First Amended Complaint, it was prudent for Woods to plead sufficient facts to satisfy the Court that she is entitled to relief. Woods has now done so.

The relevant law is not HIPAA or regulations promulgated under that statute, but Fed. R. Civ. P. 15(c), which provides that amendments to pleadings are liberally permitted. *Brandon v. Holt*, 469 U.S. 464 (amendment to pleadings permitted even on appeal to Supreme Court); *Patton v. Guyer*, 443 F.2d 79 (10th Cir. 1971) (amendment must be granted unless there would be "grave injustice" to opposite party in preparing defense); *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479 (6th Cir. 1973) (opposing party must show substantial prejudice in order to deny leave to amend); *Dussouy*

*v. Gulf Coast Inv. Corp.,* 660 F.2d 594 (5th Cir. 1981) (leave to amend may not be denied unless there is a showing of both prejudice and substantial reasons for denying leave to amend); *Williams v. Dothan,* 745 F.2d 13 (11th Cir. 1987) (amendments should have been allowed, even after remand following appeal). The FEDERAL RULES OF CIVIL PROCEDURE are "biased" towards allowing amendments to the pleadings. *Foman v. Davis*, 371 U.S. 178 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits").

In *Johnson v. City of Shelby, Miss.*, this Court sustained a motion for summary judgment on the ground that the plaintiff not cited 42 U.S.C. § 1983 in his complaint. The United States Supreme Court reversed, stating: "Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). Further, *Johnson* specified that a pleading need do nothing more than "inform[] the city of the factual basis for their complaint. . . ." *Johnson*, 574 U.S. at 12. The Supreme Court stated: "For clarification and to ward off further insistence on a punctiliously stated "theory of the pleadings," petitioners, on remand, should be accorded an opportunity to add to their complaint a citation to § 1983. *Johnson*, 574 U.S. at 12.

After *Johnson*, the law is clear that complaints are sufficient when they give notice of plausible claims, but nothing more is required and, even if it were required, an amendment is permitted to cure the alleged defects.

2.   **The filing of the Second Amended Complaint should not be refused on the grounds that it fails to allege that Woods was fired for refusing to participate in a crime.**

MHMHP claims that the Second Amended Complaint is insufficient because "[t]he proposed second amended complaint does not plead sufficient factual information to support that MHMHP 'implied[ly] direct[ed]' Dr. Woods to commit a crime." MHM Health Professionals, LLC's Memorandum of Law in Support of Its Response to Plaintiff Dr. Amy Wood's Motion for Leave to File Second Amended Complaint (hereinafter "MHMHP's Brief"), p. 7 [Docket 48].

In the first place, denying the civil rights of prisoners is a crime under 42 U.S.C. § 242. *See, e.g.*, *United States v. Gonzales*, 436 F.3d 560, 573 (5th Cir. 2006) (INS agents' convictions affirmed for criminal failure to provide medical care); *United States v. Gray*, 692 F.3d 514, 518 (6th Cir. 2012) (jail guard convicted of depriving inmate of medical care).

In the second place, no Mississippi case has ever held that proof of refusal to commit a crime is required to state a *McArn* claim. MHMHP relies solely upon *dictum* in *Hammons v. Fleetwood Homes of Mississippi, Inc.*, 907 So. 2d 357, 360 (Miss. App. 2004), that Mississippi law "require[s] that the acts complained of warrant the imposition of criminal penalties, as opposed to mere civil penalties."

In deciding state law, this Court applies "the latest and most authoritative expression of state law. . . ." *Johnson v. City of Shelby, Miss.*, 743 F.3d 59, 64 (5th Cir. 2013), cert. granted, judgment rev'd, 574 U.S. 10 (2014). "[T]he latest and most authoritative expression" of Mississippi law is *Swindol v. Aurora Flight Scis. Corp.*, 194 So. 3d 847 (Miss. 2016). The plaintiff in *Swindol* had not alleged any criminal activity. He alleged merely that he was fired because he left his firearm in a

locked vehicle, and that firing him for such an offense violated a non-criminal Mississippi statute, MISS. CODE ANN. § 45-9-55(1).

*Swindol* approved an earlier statement by this Court in *Laws v. Aetna Fin. Co.*, 667 F. Supp. 342 (N.D. Miss. 1987), that: "The prevailing rule on employment at will appears to be that where a clear mandate of public policy is violated by an employee's discharge, a cause of action for wrongful termination does arise." *Swindol v. Aurora Flight Scis. Corp.*, 194 So. 3d at 851, quoting *Laws v. Aetna Fin. Co.*, 667 F. Supp. 342, 348 (N.D. Miss. 1987).

*Swindol* was recently followed by *Simmons v. Pac. Bells, L.L.C.*, 787 F. App'x 837 (5th Cir. 2019). In any event, all of MHMHP's objections to the adequacy of the pleadings are specious in view of the clearly-settled rules concerning the adequacy of a complaint. As stated in *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993):

> We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Accord, Erickson v. Pardus*, 551 U.S. 89, 93 (2007), which held that a complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."

    **3.    Filing of the Second Amended Complaint should not be denied on the theory that it does not identify all Defendants.**

MHMHP's memorandum also objects to the proposed Second Amended Complaint because it names certain John Doe Defendants. MHMHP cites cases where naming of fictitious defendants is disfavored, *see* MHMHP's Brief, p. 11, and also cites cases which approve the naming of such defendants. *See* MHMHP's Brief, p. 12.

In this case, the naming of John Doe Defendants is appropriate because Woods does not know, and has no way of knowing, exactly who has been involved in discharging her from her employment or in causing her to be discharged. Woods has consistently pled in her original Complaint, Docket 1; her First Amended Complaint, Docket 18; and her proposed Second Amended Complaint, that other entities have been involved in causing her discharge.

The naming of John Doe Defendants is appropriate because there is even confusion about who Woods' employer was. Woods' proposed Second Amended Complaint furnishes documentation indicating that various entities have made statements indicating that they are Woods' employer. *See* proposed Second Amended Complaint, ¶ 8.

After MHMHP filed a motion to dismiss the First Amended Complaint alleging an array of inadequacies, Docket 23, Woods moved to file the present Second Amended Complaint, Docket 44. The Second Amended Complaint alleges Woods was employed by MHMHP, ¶ 8, or, alternatively, that other entities were her employer. Proposed Second Amended Complaint, ¶ 8. The Second Amended Complaint alleges that Woods may have been an employee of MHM Services, Inc. or of Centurion of Mississippi, LLC. Woods' Second Amended Complaint attaches documentation as to why Woods could have believed that any of these entities were her employer. *See* Proposed Second Amended Complaint, ¶ 8.

Defendants removed this state court case to this Court on October 24, 2019, claiming that there is diversity of citizenship. Docket 1. Whether diversity exists depends largely on discovery to determine who actually made the decision or who was involved in causing Woods' termination. It was reasonable to name John Doe Defendants at the outset, since, "for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference

to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004). Woods' naming of John Doe Defendants will permit a substitution of the real defendants, if it be determined that there are other parties other than the ones whose names are known, who caused Woods to be discharged from her employment, or who are, in fact, Woods' real employer. "[D]iversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386-87 (5th Cir. 2018), quoting *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996).

At the time of removal, there were John Doe Defendants in this case, and they may or may not have been citizens of Mississippi. This cannot be determined without discovery. While there may be debate about when a John Doe Defendant is properly named, it is surely proper to name one where, as in this case, the plaintiff does not know who made or participated in the adverse decisions. It would not be appropriate to wait until discovery to add these John Doe Defendants because, by that time, Defendants would have removed the case, and whether this Court has jurisdiction may well depend upon whether the John Doe Defendants were actually citizens of Mississippi. Woods properly named John Doe Defendants because, in this way, it will be clear that if some of these Defendants exist, and if they are citizens of Mississippi, then this Court has no jurisdiction.

## CONCLUSION

Defendant MHMHP's objection to the filing of the Second Amended Complaint is without merit, and Plaintiff Dr. Amy R. Woods should be permitted to file her Second Amended Complaint.

RESPECTFULLY SUBMITTED, this the 27th day of January, 2020.

DR. AMY R. WOODS, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Rachel Pierce Waide, MS Bar No. 100420
rpierce@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

R. Shane McLaughlin, MS Bar No. 101185
rsm@mclaughlinlawfirm.com
McLAUGHLIN LAW FIRM
338 North Spring Street, Suite 2
Tupelo, MS 38804-3955
Post Office Box 200
Tupelo, MS 38802-0200
(662) 840-5042 / Telephone
(662) 840-5043 / Facsimile

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**Elizabeth Ross Hadley, Esquire**
**Greenberg Traurig, LLP**
**300 West 6th Street, Suite 2050**
**Austin, TX 78701-4236**
**hadleye@gtlaw.com**
**pinkertonv@gtlaw.com**
**weathingtonm@gtlaw.com**
**kellyc@gtlaw.com**
**dumitrul@gtlaw.com**
**harrisa@gtlaw.com**
**GableL@gtlaw.com**

**COUNSEL FOR DEFENDANT MHM HEALTH PROFESSIONALS, LLC D/B/A CENTURION PROFESSIONALS**

**Timothy M. Peeples, Esquire**
**Daniel Coker Horton and Bell, P.A.**
**Post Office Box 1396**
**Oxford, MS 38655-1396**
**TPeeples@danielcoker.com**
**sbelk@danielcoker.com**
**nmoore@danielcoker.com**
**ttaylor@danielcoker.com**

**J. Caroline Johnson, Esquire**
**Daniel Coker Horton and Bell, P.A.**
**Post Office Box 1396**
**Oxford, MS 38655-1396**
**cajohnson@danielcoker.com**
**nmoore@danielcoker.com**

**COUNSEL FOR DEFENDANTS MANAGEMENT & TRAINING CORPORATION AND JESSE WILLIAMS**

DATED, this the 27th day of January, 2020.

*/s/ Jim Waide*
Jim Waide