**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DR. AMY R. WOODS**                                                                                          **PLAINTIFF**

**VS.**                                                                      **CAUSE NO. 3:19-CV-00234-NBB-RP**

**MHM HEALTH PROFESSIONALS, LLC, D/B/A**
**CENTURION PROFESSIONALS;**
**MANAGEMENT & TRAINING CORPORATION;**
**JESSE WILLIAMS, INDIVIDUALLY; AND**
**JOHN DOES 1-9**                                                                                          **DEFENDANTS**

<u>**ORDER DENYING SUMMARY JUDGMENT**</u>

This cause comes before the court upon the defendants' motions for summary judgment. Upon due consideration of the motions, responses, exhibits, and applicable authority, the court is ready to rule.

In 2019, the plaintiff, Dr. Amy R. Woods, was terminated from her position as a physician and onsite medical director at the Marshall County Correctional Facility ("MCCF"). Dr. Woods was employed by defendant MHM Health Professionals, LLC, d/b/a Centurion Professionals ("MHMHP"), which contracted with defendant Management & Training Corporation ("MTC"), the entity which manages MCCF, to provide medical services to the inmates at MCCF.

Dr. Woods alleges that she was wrongfully terminated in violation of public policy for complaining about and refusing to participate in legally prohibited activity regarding inmate medical treatment, specifically, the defendants' failure to provide adequate medical care to the inmates, and because the defendants falsely claimed that she had reported a staffing shortage at the prison and other complaints regarding inmate treatment to Mississippi state legislator, Representative Bill Kinkade.

Dr. Woods brings a claim against her former employer, MHMHP, for termination in violation of public policy. Dr. Woods was employed under an at-will employment contract with MHMHP but asserts that her claim falls under an exception to the Mississippi at-will employment doctrine pursuant to *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993) and its progeny, including *Swindol v. Aurora Flight Sciences Corp.*, 194 So. 3d 847 (Miss. 2016), and Fifth Circuit cases interpreting Mississippi's at-will employment doctrine, including *Simmons v. Pacific Bells, LLC*, 787 F. App'x 837 (5th Cir. 2019). *McArn* holds that "an employee who refuses to participate in an illegal act … shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer." *McArn*, 626 So. 2d at 607. Further, "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing an action in tort for damages against his employer." *Id.* Dr. Woods also brings claims against defendants MTC and Warden Jesse Williams for violating her First Amendment right to free speech and for tortiously interfering with her employment contract.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Upon examination of the record in this case, the court finds the existence of genuine issues of material fact, including, but not limited to, whether defendant MHMHP terminated Dr. Woods' employment in violation of a public policy exception to Mississippi's employment at-will doctrine, whether there was a legitimate reason for the defendants to interfere with Dr. Woods' employment or whether the interference was in bad faith, and whether the defendants violated Dr. Woods' First Amendment right to free speech. Because the plaintiff has met her burden by directing the court to evidence showing that there are genuine issues for trial, the defendants' motions for summary judgment are not well taken and should be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that the defendants' motions for summary judgment are **DENIED**.

This 24th day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE