IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DR. AMY R. WOODS                                                                                           PLAINTIFF

VS.                                                                         CAUSE NO. 3:19-CV-00234-NBB-RP

MHM HEALTH PROFESSIONALS, LLC, D/B/A
CENTURION PROFESSIONALS;
MANAGEMENT & TRAINING CORPORATION;
JESSE WILLIAMS, INDIVIDUALLY; AND
JOHN DOES 1-9                                                                                           DEFENDANTS

## ORDER

Presently before the court is the Amended Omnibus Motion in Limine filed by defendant MHM Health Professionals ("MHMHP"). The defendant seeks an order from this court directing the plaintiff not to introduce certain evidence, argument, reference, or testimony related to a number of matters as addressed below.

**1. Exclude any evidence, reference, or testimony related to claims or theories of recovery not expressed in the operative complaint.** The defendant incorrectly alleges that for the first time in her opposition to MHMHP's motion for summary judgment, the plaintiff argued that she was terminated because she reported illegal acts and refused to participate in them. Contrary to the defendant's assertion, however, this allegation is included in the plaintiff's Third Amended Complaint. Accordingly, this motion in limine is **DENIED**.

**2. Exclude any evidence regarding matters about which Woods or Woods' witnesses lack personal knowledge.** The plaintiff responds that she intends to abide by the applicable Federal Rules of Evidence with regard to testimony offered at trial and persuasively argues that this court cannot rule on such a vague, non-specific reference. "Defendant's request is overly broad and devoid of any specific context." *Rivera v. Salazar*, 2008 WL 2966006, at *6 (S.D.

Tex. July 30, 2008). Accordingly, this motion in limine is **DENIED** without prejudice.

3. **Exclude evidence of or reference to the size, status, and reputation of Squire Patton Boggs (US), LLP, the out-of-state residence of MHMHP/Centurion's counsel, and the in-state residency of Woods' counsel.** As the plaintiff notes, it is the general practice in this district for the court to introduce the attorneys and identify their respective law firms to the jurors. The plaintiff agrees, however, that any reference to the size, status, reputation, or out-of-state residence of MHMHP's counsel or the in-state residency of the plaintiff's counsel is irrelevant, and plaintiff's counsel have no intention to offer such evidence. Accordingly, this motion in limine is **GRANTED** as unopposed.

4. **Exclude evidence of or reference to the size, wealth, or financial resources of the defendants.** The plaintiff admits that the financial condition of the parties is irrelevant at the liability and compensatory phase of the trial. Woods, however, seeks punitive damages in this case. If this case reaches the punitive damages phase, and should this court give a punitive damages instruction, the defendants' net worth is a factor which the jury may consider. *See, e.g.*, *Eichenseer v. Reserve Life Ins. Co.*, 934 F.2d 1377 (5th Cir. 1991); *Hankins v. Ford Motor Co.*, 2012 WL 174793, at *3 (S.D. Miss. 2012). Accordingly, this motion is **GRANTED in part and DENIED in part**.

5. **Exclude Dr. Miller from testifying about decision-making structure within a prison, generally, and Marshall County Correctional Facility, specifically.** This court has previously denied the defendants' separate motion to exclude Dr. Miller's testimony on *Daubert* grounds. [Doc. 191]. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Accordingly, this motion in limine is **DENIED**.

6. **Preclude Woods from presenting any evidence or argument suggesting the jurors**

**"trade places" with Woods.** Counsel for Woods represent that they will make no improper appeal to passions and sympathies of the jury. *See Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011) (citing *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1239 (5th Cir. 1998)). Accordingly, this motion in limine is **GRANTED** as unopposed.

7. **Exclude any testimony or reference to veracity of witnesses.** Federal Rule of Evidence 608 governs when a witness' credibility may be attacked or supported by testimony regarding the witness' reputation for truthfulness or untruthfulness, providing that "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). This court will apply this rule appropriately if the situation arises at trial. Accordingly, this motion in limine is **DENIED**.

8. **Exclude any evidence, argument, reference, or testimony regarding discovery disputes and how the litigation and lawyering was handled.** The plaintiff states that she does not intend to introduce such evidence unless the defendants offer such evidence or in some other way make the issue relevant. Accordingly, this motion in limine is **GRANTED** as unopposed.

9. **Exclude improper religious references and displays of emotion.** The plaintiff represents that she will abide by this court's previous rulings with regard to religious references at trial. *See Whitfield v. Harris*, 474 F. Supp. 2d 822 (N.D. Miss. 2007) ("[I]t is prohibited for any counsel to mention or refer to any deity or make any religious reference in such a manner as can reasonably be construed to indicate that the jury should consider the teachings or beliefs of the deity or any religious references in addition to or to the exclusion of the law."). Regarding displays of emotions, this court finds, consistent with *Parks v. Miss. Dep't of Transp.*, 2006 WL

2483484, at *1 (N.D. Miss. 2006), that it likely cannot preemptively control either a genuine or prompted show of emotion at trial, but "it remains within the court's discretion, ex post facto, to determine whether a display of emotion has in fact prejudiced the jury and whether the appropriate remedy is a mistrial." Accordingly, this motion in limine is **GRANTED in part** as unopposed and **DENIED in part**.

10. **Exclude inflammatory photographs and evidence of injuries**. The plaintiff states that she did not produce such evidence in discovery and has no intention of utilizing it at trial. Accordingly, this motion is **GRANTED** as unopposed.

11. **Exclude all witnesses, with the exception of the involved parties and experts, from the courtroom prior to giving testimony pursuant to Federal Rule of Evidence 615.** The plaintiff has no objection to the application of Rule 615 during the trial of this cause. Accordingly, this motion in limine is **GRANTED** as unopposed.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the defendant's Amended Omnibus Motion in Limine is **GRANTED in part and DENIED in part**.

This 15th day of March, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE